```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF MISSOURI
                         SOUTHERN DIVISION


UNITED STATES OF AMERICA,      )
                               )
                               )
               Plaintiff,      )
                               ) Case No.
          vs.                  ) 17-CR-3020-MDH-1
                               )
ADAM E. BILLINGS,              )
                               )
                               )
               Defendant.      )



                         CHANGE OF PLEA
           BEFORE THE HONORABLE M. DOUGLAS HARPOOL
            TUESDAY, OCTOBER 24, 2017; 2:32 P.M.
                     SPRINGFIELD, MISSOURI




APPEARANCES:
FOR THE PLAINTIFF:        MR. NHAN D. NGUYEN
                          UNITED STATES ATTORNEY'S OFFICE
                          901 St. Louis Street, Ste. 500
                          Springfield, MO  65806




FOR THE DEFENDANT:        MR. IAN A. LEWIS
                          FEDERAL PUBLIC DEFENDER OFFICE
                          901 St. Louis Street, Ste. 801
                          Springfield, MO  65806




COURT REPORTER:           MS. JEANNINE RANKIN, RPR, CSR
                          UNITED STATES DISTRICT COURT
                          222 N. Hammons Parkway
                          Springfield, MO  65806



     Proceedings recorded by mechanical stenography;
transcript produced by computer.
```

```
 1                    USA v ADAM E. BILLINGS

 2                   CASE NO. 17-CR-3020-MDH-1

 3                        CHANGE OF PLEA

 4                        October 24, 2017

 5                       *   *   *   *   *   *

 6          THE COURT:  We are here in United States versus Adam

 7  Billings.  Who will be appearing on behalf the United States?

 8          MR. NGUYEN:  Nhan Nguyen on behalf the United

 9  States, Your Honor.

10          THE COURT:  And on behalf the defendant?

11          MR. LEWIS:  Ian Lewis for the defense, Your Honor.

12          THE COURT:  Mr. Billings, would you stand.

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  My name is Doug Harpool.  I'm the

15  federal district judge that has responsibility for your case.

16  It's my job to make sure we follow the proper rules and

17  procedures and that you get all the rights to which you're

18  entitled.

19          I have been -- I know that previously you filed --

20  entered a plea of not guilty and under the laws of our country

21  that means you're presumed innocent.  That can only change if

22  either you go to a jury trial and the jury finds you guilty,

23  waive jury and I find you guilty, or if you just admit you're

24  guilty.  And it's not unusual for people to change their plea.

25          I've been advised that your lawyer and you have
```

2

1  negotiated a plea agreement with the government where you
2  would admit your guilt.  In order for me to allow you to do
3  that, I have to make sure that the circumstances surrounding
4  it are appropriate and that you've been properly advised of
5  your rights.
6             Do you understand that's why we're here?
7             THE DEFENDANT:  Yes, sir.
8             THE COURT:  Now, because I have to make findings on
9  the record, I have to receive evidence to serve as the basis
10 for my findings.  So I'm going to place you under oath and I'm
11 going to ask you questions and you'll be the evidence that I
12 receive.  Understand, you don't have to answer my questions.
13 False answers could get you in trouble so don't give false
14 answers.  If you don't understand what's going on at any time
15 or don't understand a question, just tell me; I'll rephrase
16 the question.  We can even give you a few minutes to talk to
17 your lawyer if you have questions you want to ask him about.
18 Okay?
19            THE DEFENDANT:  Okay.
20            THE COURT:  Raise your right hand.
21            (Defendant duly sworn by the Court.)
22            THE COURT:  State your full name for the record.
23            THE DEFENDANT:  Adam Eugene Billings.
24            THE COURT:  How old are you?
25            THE DEFENDANT:  Forty-three years old.

1      THE COURT: What's your educational background?
2      THE DEFENDANT: Got a GED, some college, a couple --
3      THE COURT: Can you read and write?
4      THE DEFENDANT: Yes, I can, sir.
5      THE COURT: I have in front of me a written plea
6  agreement and on page 14 of that agreement your name is typed
7  and there's a signature above your typed name. Is that your
8  signature?
9      THE DEFENDANT: Yes, sir.
10     THE COURT: And it's dated October 24, 2017. Is
11 that when you signed it?
12     THE DEFENDANT: Yes, sir.
13     THE COURT: Prior to signing it did you read the
14 agreement?
15     THE DEFENDANT: Yes, I did.
16     THE COURT: Did you have the opportunity to discuss
17 it with your lawyer?
18     THE DEFENDANT: Yes, I did.
19     THE COURT: Did you have time to ask him all the
20 questions about the plea agreement that you had?
21     THE DEFENDANT: Yes, sir.
22     THE COURT: Prior to entering in the plea agreement
23 did you talk to your lawyer about the strengths and weaknesses
24 of the government's case against you?
25     THE DEFENDANT: Yes, sir.

4

```
 1          THE COURT:  Did you talk to him about the possible
 2   consequences if you're guilty of this crime?
 3          THE DEFENDANT:  Yes, sir.
 4          THE COURT:  Did he talk to you about some of the
 5   advantages and disadvantages of going to trial versus
 6   admitting your guilt, things like that?
 7          THE DEFENDANT:  Yes.
 8          THE COURT:  Do you feel you've had enough time with
 9   your lawyer to ask all those questions concerning this
10   important decision?
11          THE DEFENDANT:  Yes, sir.
12          THE COURT:  Mr. Lewis, have you had sufficient
13   discovery from the government you feel you're in a position to
14   properly advise your client?
15          MR. LEWIS:  Yes, Your Honor.
16          THE COURT:  Do you feel you've had enough time with
17   your client to discuss these issues?
18          MR. LEWIS:  Yes, Your Honor.
19          THE COURT:  Mr. Billings, one of the findings I have
20   to make in this hearing pertains to your competency to enter
21   into this decision.  Do you believe you're competent to make
22   this decision for yourself?
23          THE DEFENDANT:  Yes, sir.
24          THE COURT:  Are you under the influence of any
25   alcohol?
```

1      THE DEFENDANT: No, sir.
2      THE COURT: Any street drug?
3      THE DEFENDANT: No, sir.
4      THE COURT: Any prescription medication?
5      THE DEFENDANT: No, sir.
6      THE COURT: Do you suffer any mental illness?
7      THE DEFENDANT: No, sir.
8      THE COURT: Now, your plea of guilty pertains to a
9  drug crime.
10     THE DEFENDANT: Yes, sir.
11     THE COURT: So I want to make sure of a few things.
12 One is, is anybody pressuring you or trying to force you or
13 coerce you into changing your plea by some type of threat
14 against you or someone you care about?
15     THE DEFENDANT: No, sir.
16     THE COURT: Is anyone -- or has anyone made any
17 promises to you to try to entice you to admit guilt by doing
18 something favorable for you or someone you care about?
19     THE DEFENDANT: No, sir.
20     THE COURT: Have you made any agreement to take the
21 fall for what somebody else did?
22     THE DEFENDANT: No, sir.
23     THE COURT: Is the decision to enter into this plea
24 agreement one that you've come to objectively and personally?
25     THE DEFENDANT: Yes, sir.

1        THE COURT: It is what you think is in your best
2    interest?
3        THE DEFENDANT: Yes, sir.
4        THE COURT: The crime that you're accused of or that
5    you would be pleading guilty to if I accept this guilty plea
6    is a violation of 21 U.S.C. 841(a)(1) and (b)(1)(A). That's
7    possession with intent to distribute 500 grams or more of
8    methamphetamine.
9        Do you understand that if you enter this agreement
10   that you're admitting that you knowingly committed that
11   offense and that you are guilty of that offense?
12       MR. LEWIS: Your Honor, I'm sorry. I believe the
13   plea agreement reads 50 grams or more of methamphetamine.
14       THE COURT: I'm sorry. Did I misread it? Let me
15   try again.
16       The crime that you would be admitting to is
17   possession with intent to distribute 50 grams or more of
18   methamphetamine actual.
19       THE DEFENDANT: Yes, sir.
20       THE COURT: All right. If I accept this plea
21   agreement, you're admitting that you committed that crime.
22       THE DEFENDANT: Yes, sir. Yes, sir.
23       THE COURT: All right. The penalty for that
24   crime -- or I should say the authorized penalty for that
25   crime, the minimum sentence is ten years while the maximum is

7

1    life in prison.  The supervised release following imprisonment
2    would be not less than five years, it could be as long as the
3    rest of your life.  A fine could be as much as $10 million,
4    and then there would be a $100 mandatory special assessment.
5    It's a Class A felony.
6              Are you aware that if you admit this crime that that
7    is the penalty you're facing?
8              THE DEFENDANT:  Yes, sir.
9              MR. LEWIS:  Your Honor, if I may?
10             THE COURT:  Yeah.
11             MR. LEWIS:  I know that the government filed a
12   withdrawal of the 851 enhancement yesterday.  I don't know if
13   we wanted to --
14             THE COURT:  That's a good point to do that.
15             Does the government want to be heard on that motion
16   or you want me to go ahead and rule on it?
17             MR. NGUYEN:  No, Your Honor.  We stand on the
18   motion.
19             THE COURT:  Okay.  We'll sustain that motion.
20             MR. LEWIS:  Thank you, Your Honor.
21             THE COURT:  Do you need another minute?
22             MR. LEWIS:  No, Your Honor.
23             THE COURT:  All right.  If you are guilty, I accept
24   a guilty.  Then within that authority I've just told you
25   about, your sentencing judge will make the decision on what

8

your sentence should be. I'm right now scheduled to be your sentencing judge.

The sentencing procedures that I'll use is I'll look at the factors from Title 18, Section 3553(a), and that starts with a look at the U.S. Sentencing Guidelines and what those guidelines suggest for a sentence for you. Those guidelines are not mandatory; they're advisory. So you understand your sentence could be above or below that guideline based on what I believe is appropriate under the law given all the factors to consider? You understand that?

THE DEFENDANT: Yes.

THE COURT: I assume you've had some discussion with the lawyer about sentencing guidelines and possible sentences, that type of thing?

THE DEFENDANT: Some, yes.

THE COURT: I'm sure he's given you the very best estimate possible as to what he thinks the guidelines may end up being. What's important for you to know is that he can't know for sure. He doesn't have information to know for sure. And he doesn't know how I may rule on some issues. So the best he can give you at this time is his estimate; you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: What's more important is we don't even know that your sentence will end up being within those

1    guidelines.  Do you understand that?
2              THE DEFENDANT:  Yes, sir.
3              THE COURT:  All right.  Now, in federal court we
4    have no bail -- I mean, we have no parole.  Excuse me.  And
5    that means that once you get a sentence you should expect to
6    serve the whole sentence, not just a tiny fraction of it like
7    we do in some state sentences.  You understand that?
8              THE DEFENDANT:  Yes, sir.
9              THE COURT:  Your sentence will include a period of
10   supervised release.  That's after you've done whatever prison
11   term you get.  A period of time -- in your case it could be
12   very lengthy, the rest of your life -- where you'll have rules
13   you'll have to follow and guidelines, and failure to follow
14   those rules could end up in punishment that could include
15   going back to prison.  You understand that?
16             THE DEFENDANT:  Yes, sir.
17             THE COURT:  Now, today my decision that I need to
18   make is whether I'm going to accept this plea agreement.  On a
19   future date, then we'll have more information and make a
20   decision on what your sentence should be.  What I want to make
21   sure you understand today is that if you're disappointed later
22   with what your sentence is, that wouldn't be an excuse for you
23   to try to get out of the plea agreement you're entering today.
24             THE DEFENDANT:  I understand that, sir.
25             THE COURT:  Now, you have a right to a jury trial to

10

determine your guilt.  Part of the record I'd like to make is
I'd like to make sure you understand what that jury trial
would be like.  The jury trial would have 12 jurors.  All 12
would have to unanimously conclude that you're guilty or you
wouldn't be guilty in the eyes of the law.  The burden to
prove that guilt beyond a reasonable doubt would be on the
government, not on you; you'd have no burden.  In fact, your
lawyer would have a right to cross-examine, impeach and
confront every item of evidence that the government presented
against you.  And a lawyer would be presented for you and a
lawyer could present evidence on your own behalf, you wouldn't
have to present any evidence.  And while you could testify if
you wanted to in your own defense, you couldn't be forced to.
If you wanted to remain silent, that would be something that
you could do.  I'd protect that right.  I'd even instruct the
jury not to draw an adverse inference against you.

You understand all those rights about a jury trial?

THE DEFENDANT:  Yes, I do.

THE COURT:  Obviously, if at a trial I made a
mistake on a ruling of law or evidence, you'd get to appeal to
a higher court and contest my rulings.  You understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Now, if I accept this plea agreement,
your guilt in the eyes of the law will be affixed so there
won't be any jury trial and you'll effectively be waiving all

11

1  those rights to jury trial that I just discussed.  You
2  understand that?
3             THE DEFENDANT:  Yes, sir.
4             THE COURT:  Also in your agreement not only would
5  you be not taking advantage of jury trial but you would also
6  be waiving in Paragraph 15 certain appellate and
7  post-conviction rights.  In other words, you'd be agreeing
8  that you're not going to appeal certain things and that you're
9  not going to file a lawsuit later challenging certain things.
10            Are you aware that that's part of this agreement?
11            THE DEFENDANT:  Yes, sir.
12            THE COURT:  If you would look at page 2, Paragraph 3
13 of the agreement.  There's a single-spaced series of
14 paragraphs called Factual Basis for Guilty Plea.  Before a
15 judge can accept a guilty plea, I have to believe there's
16 evidence which is sufficient that if you went to trial that
17 you could be found guilty.  In other words, the jury, if they
18 believed the evidence presented by the government, it would be
19 enough to find you guilty.  This is what the government thinks
20 that they could prove if they went to trial.  Have you read
21 carefully Paragraph 3 of the plea agreement?
22            THE DEFENDANT:  Yes, sir, I have.
23            THE COURT:  Had a chance to go over it with your
24 lawyer?
25            THE DEFENDANT:  Yes, sir, I have.

12

1    THE COURT: This is important because it could
2 affect those guidelines we talked about earlier. Of course,
3 it's also necessary to establish for me to accept your guilty
4 plea.
5    Anything in Paragraph 3 that you think is inaccurate
6 in any way?
7    THE DEFENDANT: No, I don't think so.
8    THE COURT: Does it correctly describe your conduct?
9    THE DEFENDANT: Yes, I believe so.
10    THE COURT: All right.
11    Anything further under Rule 11 the government
12 wants me to cover?
13    MR. NGUYEN: No, Your Honor. Thank you.
14    THE COURT: Mr. Lewis, anything further?
15    MR. LEWIS: No, Your Honor.
16    THE COURT: All right. Mr. Billings, I've asked you
17 all the questions I needed to ask you. I've reminded you of
18 some of your rights and some of the consequences you're
19 facing. Do you still believe entry into this plea agreement
20 is what's in your best interest?
21    THE DEFENDANT: Yes, sir.
22    THE COURT: Do you still want to plead guilty to the
23 crime of possession with intent to distribute 50 grams or more
24 of methamphetamine actual?
25    THE DEFENDANT: Yes, sir.

13

1  THE COURT: Is that because you are guilty of that
2  crime?
3  THE DEFENDANT: Yes, sir.
4  THE COURT: The Court finds that the defendant is
5  competent to have entered into the plea agreement and to enter
6  the guilty plea contained in the plea agreement and
7  participate in this hearing. The Court finds that the guilty
8  plea has been entered into by this defendant understandingly,
9  knowingly, and voluntarily, as has the plea agreement. The
10 Court finds that the guilty plea contained in the plea
11 agreement and the plea agreement itself has been entered into
12 after the defendant received full, competent and capable
13 services and advice of legal counsel and after the defendant
14 has been fully advised of the consequences of entering into
15 the guilty plea. The Court finds there is a factual basis for
16 the guilty plea contained in the plea agreement. The Court
17 accepts the plea agreement, approves the plea agreement and in
18 particular accepts the defendant's plea of guilty contained in
19 the plea agreement. The Court orders a presentence
20 investigation to be prepared.
21 Mr. Billings, what will happen now is a presentence
22 investigation report will be written. You and your lawyer
23 will have the right to have input both as it's written and
24 then when it's done. If you think there are errors, you get
25 to file objections. If those can't be resolved with the

1    probation office, then on the day of your sentencing I'll rule
2    and make a finding about those objections.
3               Next time we expect to see you in court will be on
4    the day of your sentencing.  That will be on a future date but
5    I can't tell you exactly when because we don't know how long
6    this process will take in terms of writing the report.
7               On the day of your sentencing I'll remind you of
8    what the authorized sentence is by the Congress.  We will
9    adopt your sentencing guideline according to the sentencing
10   guideline booklet what your guideline sentence is.  But then
11   we'll listen to arguments of whether that's an appropriate
12   sentence for you because I said your end-up sentence could be
13   above or below the guideline looking at lots of factors
14   including those in Title 18, Section 3553(a) and whether or
15   not I should depart or vary from that guideline.
16              After the lawyers have had all their say on the
17   issues I've just mentioned, I will give you a chance to say
18   something at your sentencing hearing, if you want to.  You
19   don't have to.  But if you are going to say something,
20   obviously give it lots of thought and discuss it with your
21   lawyer before the sentencing hearing so he has an idea what
22   you plan on saying and so that you can get the benefit of his
23   advice about how best to phrase things and what's best said
24   and what's best left unsaid.  Okay?
25              THE DEFENDANT:  Okay.  Thank you, sir.

1          THE COURT:  Anything further on behalf the
2     government?
3          MR. NGUYEN:  No, Your Honor.  Thank you.
4          THE COURT:  Anything further on behalf the
5     defendant?
6          MR. LEWIS:  No, Your Honor.  Thank you.
7          THE COURT:  You'll go back to the custody of the
8     marshals and stay at whatever local facility you've been in
9     under their custody.  Ultimately, you understand that when you
10    receive your final sentence you'll be transferred to an
11    institution run by the Bureau of Prisons?
12         THE DEFENDANT:  Yes, sir.
13         THE COURT:  All right.
14         Be in recess.
15         (Court stands in recess at 2:48 p.m.)

```
 1                  CERTIFICATE OF OFFICIAL REPORTER
 2        I, Jeannine M. Rankin, Federal Official Court Reporter,
 3   in and for the United States District Court for the Western
 4   District of Missouri, Southern Division, do hereby certify
 5   that the foregoing is a true and correct transcript of the
 6   stenographically reported proceedings.
 7
 8
 9
10
11                             /s/ Jeannine M. Rankin
12   Date:     06/20/18        Jeannine M. Rankin, CCR, CSR, RPR
```